22386

NATIONAL ASSOCIATION FOR the ADVANCEMENT OF COLORED PEOPLE and Perry White, Appellants, v. The TOWN OF HILTON HEAD; Beverly Cotton, W. S. Montgomery, Porter Thompson, Dorothy Aranda, Individually, and as Election Commissioners for the Town of Hilton Head, as appointed by the Secretary of State; and John T. Campbell, Secretary of State, Respondents.

(335 S. E. (2d) 806)

Supreme Court

*H. Fred Kuhn, Jr.,* of *Moss, Bailey & Dore,* Beaufort, *for appellants.*

*Sr. Asst. Atty. Gen. Treva G. Ashworth, Asst. Atty. Gen. C. Richard Kelly,* Columbia, *for respondent Campbell.*

*Joseph R. Barker* and *Michael L. M. Jordan,* of *Bethea, Jordan & Griffin, for respondent The Town of Hilton Head, et al.*

Heard Sept. 23, 1985.

Decided Oct. 16, 1985.

LITTLEJOHN, Justice:

The plaintiffs-appellants, National Association for the Advancement of Colored People and Perry White, brought this action against the defendants-respondents, The Town of Hilton Head, Beverly Cotton, W. S. Montgomery, Porter Thompson, Dorothy Aranda, Individually, and as Election Commissioners for the Town of Hilton Head, as appointed by the Secretary of State, and against John T. Campbell, Secretary of State, to contest the validity of the incorporation of a new town in South Carolina to be called the "Town of Hilton Head Island." It borders on the Atlantic Ocean. Both the plaintiffs and the defendants moved for summary judgment. The motion of the defendants was granted. The

motion of the plaintiffs was denied. The effect of these
rulings was to declare valid the election of the initial mayor
and city council such that the town has already proceeded to
organize and is now functioning. The plaintiffs appeal sub-
mitting by exception one error quoted as follows:

> The trial court erred in granting summary judgment for
> the defendants, and in denying summary judgment for
> the plaintiffs, in that the Town of Hilton Head Island
> did not satisfy the 'dwelling unit' density requirement
> that is made a prerequisite to incorporation into a mu-
> nicipality by the South Carolina Code of Laws.

Section 5-1-10 *et seq.* of the Code of Laws of South Caro-
lina provides for the organization of new municipalities.
Relevant portions of § 5-1-30 are as follows:

> Prior to the issuance of a corporate certificate to any
> proposed municipality, the Secretary of State shall first
> determine that the area seeking to be incorporated has
> a population density of at least three hundred persons
> per square mile according to the latest official United
> States census; ... and that an approved service feasi-
> bility study for the proposed municipality has been filed
> with and approved by the Secretary of State; ... *Pro-
> vided* further, the population requirements shall not
> apply to areas bordering on and being within two miles
> of the Atlantic Ocean and to all sea islands bounded on
> at least one side by the Atlantic Ocean, both of which
> have a minimum of one hundred and fifty dwelling
> units and at least an average of one dwelling unit for
> each three acres of land within the area....

The plaintiffs base their Motion for Summary Judgment
on the ground that:

> ...[T]he Town of Hilton Head does not satisfy the dwell-
> ing density requirement of S. C. Code Ann. Section
> 5-1-30, which requires that there be 'at least' an average
> of one dwelling unit for each three acres of land within
> the area.

The defendants grounds for summary judgment as stated
in the Judge's order, appealed from, are as follows:

1. That, based on Affidavits attached to the Motion for Summary Judgment, there is no genuine issue of fact as to whether the Town of Hilton Head Island meets the statutory requirement of having one (1) dwelling unit per three (3) acres; and

2. That, the Defendant, Secretary of State, is granted discretion by statute in regard to incorporation and there being neither an allegation nor a showing of abuse of discretion on the part of the Secretary of State there is no genuine issue of fact and the Secretary of State is entitled to judgment.

The trial judge correctly disposed of both motions; and accordingly, we affirm.

While the Secretary of State's Service Feasibility Study was argued by counsel, we are not at all sure that this issue is preserved by the exception quoted above. Assuming, without so deciding, that it is preserved, we, like the trial judge, find no merit. The study was sufficient.

The real issue is stated in appellants' brief as follows: "The core of the dispute between the parties is the definition of the term 'dwelling units' as used in Section 5-1-30." If "dwelling unit" refers only to housing units that are occupied by persons as their usual place of residence, plaintiffs are entitled to prevail. On the other hand, if "dwelling unit" applies to not only those houses which are occupied by residents for a substantial part of the year but also houses rented periodically and/or used only as vacation homes, defendants are entitled to prevail.

"Dwelling unit" may be defined in several ways, but we are actually concerned with legislative intent. The three acres per "dwelling unit" provision was no doubt inserted by the Legislature for the purpose of making it possible for areas like Hilton Head Island, Isle of Palms and Myrtle Beach along the Atlantic Ocean to incorporate and form a municipality. No doubt the Legislature was fully aware of the nature of "... areas bordering on and being within two miles of the Atlantic Ocean, ...."

Terms used in a statute should be given their well recognized meaning. *Black's Law Dictionary* says "dwelling house is a very flexible term. Its meaning depends not only on

context but on the determination of the courts not to permit public policy or justice to be defeated by a word." The same applies to "dwelling unit." From a study of the statute, we are convinced that the Legislature intended to include within the provisions of the requirement dwelling units other than those occupied by permanent residents. The cases cited by the defendants relative to the law of burglary and relative to Federal Housing Administration Regulations are not persuasive.

Having construed dwelling unit, as used in the statute, to include units other than those occupied by permanent residents, we find that there was no genuine issue of fact to be tried and that the judge properly disposed of all issues by granting judgment under our Summary Judgment Rule.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.

FINNEY, J., disqualified.